IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01802-CYC

BENJAMIN HAWTHORNE,

Plaintiff,

v.

COLORADO DEPARTMENT OF NATURAL RESOURCES,

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, ECF No. 21. Oral argument will not materially assist in the resolution of these matters. *See* D.C.COLO.LCivR 7.1(h). The defendant takes no position on the motion and "defers to the Court's discretion." ECF No. 24. To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED** without prejudice.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on April 27, 2026. ECF No. 1. He was ordered to amend his complaint to cure deficiencies, ECF No. 5, and did so. The amended complaint, ECF No. 6, is the operative pleading. He was denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b)(1), and he paid the filing fee and served the defendant. ECF Nos. 8, 13. The plaintiff brings a claim under Title VII, 42 U.S.C. §§ 2000e, et seq., alleging that his termination from Colorado Parks and Wildlife, a division of the Colorado

Department of Natural Resources ("DNR"), was the product of religious discrimination. *See* ECF No. 6 at 2–3. Counsel for DNR entered an appearance, ECF No. 14, and filed an answer. ECF No. 15. The parties are now engaged in discovery. ECF No. 23.

## ANALYSIS

Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot simply appoint pro bono counsel immediately; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57

F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The case is still in its relatively early stages. Although the defendant elected to file an answer rather than a motion to dismiss, the fact that discovery is underway does not automatically entitle a pro se plaintiff to the appointment of counsel. And the case's merit is as yet unclear. Furthermore, to date, the plaintiff "has been a competent participant in this litigation," including amending his complaint to cure deficiencies as directed, serving DNR, and participating in the development of a proposed scheduling order and the scheduling conference itself. *Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019).

While there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint—a single claim of religious discrimination against a single defendant-employer—is not amongst the most novel or complex that find their way into federal court. To be sure, "having counsel appointed would . . . assist[ ] [the plaintiff] in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. And despite the plaintiff's arguments to the contrary, ECF No. 21 at 1, the rigors of discovery in this case do not appear so substantial as to warrant the appointment of counsel at this stage. Likewise, the plaintiff's diligent efforts to obtain counsel and lack of resources does not, on its own, demonstrate that an appointment order is justified. *Id.* at 2. Again, this factor is common to many if not all requests for appointment of counsel and does not tip the scales. Finally, the plaintiff has not shown the existence of any special circumstances or that interests of justice, including the benefits to the court, support appointment of counsel at this time.

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 29) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

**CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Appointment of Counsel, ECF No. 21, is **DENIED without prejudice**.

Entered and dated this 30th day of October 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge